# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSEPH VANCE ARABIE,

          Plaintiff,

    v.

JEFFREY MCAFEE and BRENT HATCH,

          Defendants.

Case No. 4:24-cv-00025-SLG

## SCREENING ORDER & ORDER STAYING CASE PENDING THE RESOLUTION OF PLAINTIFF'S PENDING STATE CRIMINAL CASE

On November 19, 2024, self-represented pretrial detainee Joseph Vance Arabie ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff alleges that Alaska State Trooper ("AST") Jeffery McAfee and AST Brent Hatch ("Defendants") used excessive force when they arrested him on June 11, 2024.[2] Specifically, Plaintiff claims AST McAfee physically restrained Plaintiff while AST Hatch repeatedly punched him in the back and their police dog caused "permanent disfigurement to his hand."[3] Plaintiff claims that he had to have surgery on his hand on August 2, 2024, but his

---

[1] Dockets 1-3.

[2] Docket 1.

[3] Docket 1 at 4.

hand never healed properly.[4] For relief, Plaintiff seeks $100,000 in monetary damages.[5]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[6] According to the publicly available state court records, Plaintiff was arraigned on June 11, 2024—the date he was arrested—on one count of misdemeanor assault in the fourth degree for an assault that allegedly occurred on April 19, 2024.[7] That case is still pending and currently scheduled to for trial the week of March 10, 2025.[8] Additionally, on June 11, 2024, the State of Alaska filed a new case against Plaintiff for events that allegedly occurred during the June 11 arrest. Specifically, the State charged Plaintiff with four misdemeanors, including one count of harming a police

---

[4] Docket 1 at 5.

[5] Docket 1 at 5.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.). Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] *State of Alaska vs. Arabie, Joseph Vance,* Case No. 4FA-24-00715CR, Party Charge Information (Charge #1: AS11.41.230(a)(1): Assault In The 4th Degree - Recklessly Injure (Class A Misdemeanor); Date of Offense 04/19/2024).

[8] *Id.,* Docket Event 03/10/2025 (Scheduled Trial Week).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 2 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 2 of 14

dog, one count of resisting arrest, and two counts of assault in the fourth degree.[9] Plaintiff was arraigned on those changes on July 4, 2024, and that case is currently scheduled for trial the week of March 17, 2025.[10]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—the Complaint contains sufficient facts to support a claim that the force used against Plaintiff during the June 11, 2024 arrest was objectively unreasonable under the Fourth Amendment.[11]

However, as explained below, because the excessive force allegations arise from an arrest resulting in charges filed against Plaintiff for resisting arrest, assault, and harm to the K-9 involved, a conviction on those charges could prevent Plaintiff from proceeding on his damages claims in federal court.[12] Therefore, the Court

---

[9] *State of Alaska vs. Arabie, Joseph Vance,* Case No. 4FA-24-01233CR, Party Charge Information (Charge 1: AS1156710: Harm Police Dog 2- Injure, Torment (Class A Misdemeanor); Charge 2: AS1156700a1: Resist/Interfere Arrest-By Force (Class A Misdemeanor); Charge 3: AS1141230A1: Assault In The 4th Degree - Recklessly Injure (Class A Misdemeanor); Charge # 4: AS11.41.230(a)(1): Assault In The 4th Degree - Recklessly Injure (Class A Misdemeanor); Date of Offenses 06/11/2024).

[10] *Id.,* Docket Event 07/04/2024 (Arraignment); Docket Event 03/17/2025 (Scheduled Trial Week).

[11] *See Byrd v. Phoenix Police Dept.,* 885 F.3d 639, 642 (9th Cir. 2018) (allegations that officers pulled plaintiff over for "no light on his bicycle" and "beat the crap out of" him, causing him to lose 70% of his vision, sufficiently alleged Fourth Amendment excessive force claim). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.25 and the cases cited therein.

[12] *Smith v. City of Hemet*, 394 F. 689, 698–99 (9th Cir. 2005) (en banc).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 3 of 14
Case 4:24-cv-00025-SLG    Document 5    Filed 02/26/25    Page 3 of 14

refrains from considering Plaintiff's claims pending the conclusion of Plaintiff's state case regarding those charges, Case No. 4FA-24-01233-CR.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[13] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[14]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[15] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[16] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to

---

[13] 28 U.S.C. §§ 1915, 1915A.

[14] 28 U.S.C. § 1915(e)(2)(B).

[15] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[16] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 4 of 14

the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[17] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[18]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[19] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[20] If a prisoner's case is dismissed as frivolous, malicious, or for failure to state a claim and the case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit a self-represented plaintiff's ability to bring future cases under Section 1983 in federal court.

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[17] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[18] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[19] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[20] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 5 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 5 of 14

[complainant] is entitled to relief[.]"[21] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[22] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[23] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[25] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[26]

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Ashcroft. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[23] In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[24] *Ashcroft*, 556 U.S. at 678.

[25] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[26] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 6 of 14
Case 4:24-cv-00025-SLG    Document 5    Filed 02/26/25    Page 6 of 14

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[27] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[28] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[29] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[30]

## III. *Heck v. Humphrey* Bar

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), limits the ability of individuals to pursue Section 1983 claims that are related to pending state court criminal proceedings. Under *Heck,* a plaintiff cannot bring a Section 1983 claim for damages if a judgment in their favor by the federal court would necessarily imply the invalidity of their state court conviction or sentence, unless the conviction or sentence has been reversed on direct appeal, expunged

---

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[29] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[30] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 7 of 14
Case 4:24-cv-00025-SLG    Document 5    Filed 02/26/25    Page 7 of 14

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[31] When a related state court criminal case results in a conviction, a plaintiff's civil case arising out of the same incident may be barred by *Heck*.[32] However, even if the state criminal case results in a conviction against a plaintiff, a plaintiff's claims of excessive force for conduct that occurred after the plaintiff's alleged resistance may not be barred.[33]

"Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

---

[31] *Heck*, 512 U.S. at 486-487.

[32] *Wallace* 549 U.S. 384, 393 (2007).

[33] *See, e.g., Sanders*, 14 F.4th at 971 (finding *Heck* would not bar claim for excessive force "if the alleged excessive force occurred *before* or *after* the acts that form the basis of the [conviction], even if part of one continuous transaction") (emphasis in original); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction."); *Winder*, 345 F. Supp. 3d at 1202 (finding a conviction under Penal Code § 69 "can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful, because the conviction itself requires only that *some* lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events") (citing *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1131 (9th Cir. 2011)) (emphasis added); *Beckway v. DeShong,* 717 F. Supp. 2d 908, 930 (N.D. Cal. 2010) (plaintiff's conviction for resisting arrest did not bar his excessive force claim under Heck because plaintiff alleged that deputy stomped on his leg after arrest was effected and plaintiff was restrained and face down on the ground).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 8 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 8 of 14

already been invalidated."[34] "If the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed absent some other deficiency."[35]

Nevertheless, Section 1983 claims that are related to rulings that will likely be made in a pending or anticipated state court criminal trial may be stayed pending the termination of the state court criminal proceedings.[36] For example, if a plaintiff files a false arrest or excessive force claim before he has been convicted or the state court case otherwise resolved, "it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[37]

### IV. This Case is Stayed Pending the Resolution of Plaintiff's Pending Criminal Changes in State Court Case 4FA-24-01233-CR.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

---

[34] *Heck,* at 487.

[35] *Id.* at 477.

[36] *Wallace,* at 393–394.

[37] *See, e.g., Wallace,* 549 U.S. at 393–394 (holding a Section 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 9 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 9 of 14

and effort for itself, for counsel, and for litigants."[38] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."[39]

In deciding whether to grant a stay, the Ninth Circuit instructs courts to weigh "the competing interests which will be affected," which include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[40] "Generally, stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."[41]

---

[38] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[39] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

[40] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[41] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 10 of 14
Case 4:24-cv-00025-SLG    Document 5    Filed 02/26/25    Page 10 of 14

Here, Plaintiff's 24-01233 state criminal case arising from the same event as his excessive force claims is presently scheduled for an upcoming trial. Therefore, the Court finds a stay by this Court of this action to be appropriate until such time as that underlying state court criminal proceeding is concluded.[42] Plaintiff shall file a Status Report with this Court every six months or upon the termination of those state proceedings, whichever occurs first. Upon the termination of the state proceedings, Plaintiff shall file a notification whether he intends to proceed on his original claims or file an amended complaint or voluntarily dismiss this action. If Plaintiff elects to proceed with this case, the Court will screen Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915 to determine if any claims may proceed to the next stage of litigation. In the alternative, Plaintiff may voluntarily dismiss this case without prejudice to refiling his claims at the conclusion of his state criminal case related to his June 11, 2024 arrest. However, Plaintiff is responsible for filing his claims within any applicable statute of limitations. Unless impacted by a statute of limitations, a voluntary dismissal leaves Plaintiff in the same position as if this suit had never been brought in the first place.[43]

**IT IS THEREFORE ORDERED:**

1. This case is **STAYED** pending the conclusion of *State of Alaska vs. Arabie, Joseph Vance,* Case No. 4FA-24-01233CR.

---

[42] *Smith v. City of Hemet*, 394 F. 689, 698–99 (9th Cir. 2005) (en banc).

[43] *Holt v. County of Orange*, 91 F.4th 1013 (2024).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 11 of 14
Case 4:24-cv-00025-SLG     Document 5     Filed 02/26/25     Page 11 of 14

2. Plaintiff shall file a status report with this Court **every six months, beginning on August 26, 2025,** until the proceedings are terminated in Case No. 4FA-24-01233CR, that apprises the Court of the status of this state court case. Failure to timely file a status report may result in the dismissal of this action without further notice to Plaintiff.

3. **Within 30 days** of the conclusion of Case No. 4FA-24-01233CR, Plaintiff shall either file in this Court either an amended complaint, a notification that he intends to proceed on his original claims as pled in his Complaint, or a notice voluntarily dismissing his claims in this case.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[44] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner

---

[44] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 12 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 12 of 14

Application to Waive the Filing Fee (Form PS11).[45] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[46] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[47] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[45] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[46] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[47] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 13 of 14
Case 4:24-cv-00025-SLG    Document 5    Filed 02/26/25    Page 13 of 14

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 26th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Screening Order & Order Staying Case
Page 14 of 14
Case 4:24-cv-00025-SLG   Document 5   Filed 02/26/25   Page 14 of 14