IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JOSEPH VANCE ARABIE,

        Plaintiff,

v.

JEFFREY MCAFEE and BRENT HATCH,

        Defendants.

Case No. 4:24-cv-00025-SLG

## ORDER OF DISMISSAL

On September 9, 2025, the Court ordered self-represented litigant Joseph Vance Arabie ("Plaintiff") to file a status report to update the Court as to the status of his state criminal case within **14 days** of the date of the order.[1] The Court warned Plaintiff that failure to timely file a status report would result in dismissal of this case without further notice to Plaintiff.[2] To date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

---

[1] Docket 6.

[2] Docket 6. *See also* Docket 5 at 12.

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[3]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[4] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[9] The fifth factor is comprised of three subparts, which include "whether the

---

[3] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[4] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[8] *Pagtalunan*, 291 F.3d at 643.

[9] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Order of Dismissal
Page 2 of 3
Case 4:24-cv-00025-SLG     Document 7     Filed 10/23/25     Page 2 of 3

court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court warned Plaintiff of the potential dismissal of this action without further notice to Plaintiff in the event of noncompliance.[11]

Based on the foregoing, this case must be dismissed for failure to prosecute.[12] The dismissal shall be without prejudice so as to preserve Plaintiff's ability to seek relief.[13] The Court finds no other lesser sanction to be satisfactory or effective in this case.[14]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 23rd day of October 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[10] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[11] Docket 6. *See also* Docket 5 at 12.

[12] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[13] *Id.*

[14] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

Case No. 4:24-cv-00025-SLG, *Arabie v. McAfee, et al.*
Order of Dismissal
Page 3 of 3
Case 4:24-cv-00025-SLG   Document 7   Filed 10/23/25   Page 3 of 3